### HART v. WASHBURN et al.

(*Supreme Court, General Term, First Department.* December 31, 1891.)

JUDGMENT—VACATING—TERMS—TRUSTEE OF CORPORATION.

In an action against a trustee of a corporation for failure to file an annual report as required by Laws 1848, c. 40, § 12, judgment was entered against defendant by default, and a motion to open the same was denied. Thereafter, on motion before the same judge, the default was opened on condition that the judgment stand as security, unless defendant file an undertaking conditioned for the payment of any sum plaintiff might recover. *Held*, that the default was properly opened, in the discretion of the judge; but, as the action was of a character which abated by the death of defendant, plaintiff's rights should have been completely protected, and that part of the order allowing defendant to file an undertaking was erroneous.

Appeal from special term, New York County.

Action by James L. Hart against Benjamin Richardson, as trustee of the Great Animas Gold & Silver Mining Company, to enforce the liability imposed upon him by law for failure to file an annual report for work, labor, and services rendered such company. On the death of Richardson, after judgment entered by default against him, William T. Washburn and others, as executors, were substituted as defendants. Plaintiff appeals from the order opening the default. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, J.

*William S. Andrews*, for appellant. *Horace G. Wood*, for respondents.

VAN BRUNT, P. J. This action was commenced in April, 1885, against one Richardson, as trustee of a corporation organized under the laws of the state of New York, because of failure to file the annual report required by law.[1] The defendant in the action obtained various extensions of time to answer, and before the expiration of the last extension the plaintiff's attorney died. In 1886 the present attorney for the plaintiff was substituted in place of the deceased attorney, and judgment was entered by default against the defendant for the amount claimed, interest and costs. A motion was subsequently made to open the default on behalf of the defendant, and this motion was denied, and a copy of the order denying the motion and notice of the entry thereof was served upon the defendant's attorney. No appeal was taken from that order, and no request for leave to renew the motion was ever made. In February, 1887, another attorney was substituted for the defendant herein.

[1] Laws 1848, c. 40, § 12.

The defendant moved again to open the default, upon an order to show cause granted by the judge who had previously denied the motion. This second motion was granted, and the default was opened upon condition that the judgment stand as security, unless the defendant file an undertaking conditioned for the payment of any sum the plaintiff might recover in this action, and from the order thereupon entered this appeal is taken. We think, upon an examination of the record, that the court, in its sound discretion, was justified in allowing the defendant to litigate the claim presented by the plaintiff. The fact that the motion had been previously denied was no bar to the present motion, the learned judge who denied that motion having granted the order to show cause, which was equivalent to granting leave to renew, if such leave was necessary. But we think that the rights which the plaintiff had acquired by reason of the judgment which had been entered should, because of the long delay which had taken place between the denial of the motion to open the default and the renewal of the same, have been completely protected. The action was of a character which abated by the death of the defendant. Although the order opening the default provided that the judgment should remain as security, it was accompanied with the alternative that the defendant might file an undertaking, with two sufficient sureties, for the payment of any sum which the plaintiff might recover in this action against the defendant. This compelled the plaintiff to take the risk of the life of the defendant after he had secured his claim by judgment. This we think was error. He was entitled to be secured in the rights which he had acquired by the entry of such judgment; and, although the defendant might be permitted to litigate the question as to his liability, the plaintiff should not be compelled, in addition to the obligation of proving his case against the defendant, also to insure his life in order that he might recover. We think, therefore, that the order should be reversed, with leave to the personal representatives of the defendant to move to be allowed to defend, and the court will then make such an order as will protect the rights of the plaintiff, with $10 costs of this appeal, and disbursements, to abide the final event of the action.